**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                          Civil No. 06-497 (DWF/SRN)

               Plaintiff,

                                                 **FINDINGS OF FACT,**
v.                                                                **CONCLUSIONS OF LAW,**
                                                      **AND ORDER**

Nash Sonibare and
Liberty Financial Group, Inc.,

               Defendants.

---

Michael R. Pahl, Esq., US Department of Justice, counsel for Plaintiff.

James C. Snyder, Sr., Esq., Snyder Law Office, PA, counsel for Defendants.

---

The above-entitled matter came before the undersigned United States District Court

Judge on March 24, 2006, pursuant to Plaintiff United States of America's ("the

Government") motion to show cause why Defendant Nash Sonibare ("the Defendant")

should not be held in contempt of court. The Government moved the Court for a finding of

probable cause to believe that criminal contempt had occurred, as well as a finding that

constructive civil contempt continued to occur by way of a violation of the Court's

March 7, 2006 Order such that continued closure of the Defendant's business was

necessary to secure compliance with the Court's March 7, 2006 Order and the Order that

followed on March 15, 2006. The Defendant opposed the Government's motion in all

respects. Based upon the presentations of the parties, the testimony received by the Court,

and the Court being otherwise duly advised in the premises, the Court hereby makes the

following:

## FINDINGS OF FACT

1.      The Court specifically adopts the findings and conclusions of this Court set

forth in the Court's Order filed on March 10, 2006, except to the extent modified herein.

2.      The Court specifically adopts the Findings of Fact set forth in the March 15,

2006 Order except to the extent modified herein.

3.      There is sufficient probable cause for the Court to conclude that the

Defendant violated the Court's Order dated March 10, 2006, requiring him to post a notice

at his office beginning no later than March 8, 2006, that he is temporarily prohibited from

preparing federal income tax returns.  The Court finds that the evidence shows by clear and

convincing evidence that there was no sign posted on March 8-15, 2006, when the IRS and

U.S. Marshal's Service arrived at the Defendant's place of business at the Griggs Midway

Building in St. Paul, Minnesota.

4.      There is sufficient probable cause and the Court so finds that the Defendant

violated the Court's Order dated March 10, 2006, that prohibited him from preparing

federal tax returns out of his business.  The Court incorporates into this paragraph its

remarks and findings made off the bench on March 24, 2006.

5.      That within two days of the March 7, 2006 Order of this Court prohibiting the

preparation of any federal tax returns from the Defendant's business at Liberty Financial

Group, Inc., at the Griggs Midway Building, Anthony Oyedeji began preparing tax returns as

Alpha LCC.  The Court finds that, given the timing of when that began, the location of the

business, lack of signage at the business, it was clearly intended to, at a minimum, refer the

Defendant's clients to Alpha LLC to retain the tax return business operating out of the same

location where the Court had specifically prohibited the preparation of any tax returns.  The

new tax return business that followed on the footsteps of the Court's Order at the

Defendant's place of business occurred at a time when no sign was prominently placed on

the door and without notice to the Government, the Court, or the IRS.  Notwithstanding the

Defendant's testimony that the tax return business is only one-sixth of his work and

approximately one-fourth of his income, on the immediate heals of the Court's decision

prohibiting tax return work, a new tax return business was moved into the Defendant's

business, calling themselves Alpha LLC, although no signage indicating as such was

anywhere to be found at the Defendant's business.

6.      In order to continue to secure compliance with the Court's Order of March 7,

2006, and the Court's Order of March 15, 2006, the Court finds it necessary to continue

the closure of the Defendant's place of business known as Liberty Financial Group, Inc.,

1821 University Avenue, Suite N492, St. Paul, Minnesota.

7.      The U.S. Department of Justice Tax Division and the Internal Revenue Service

have incurred significant expenses and costs in not only monitoring the Defendant, but in

securing compliance with the Court's Order and investigating this matter.  To that extent,

the Court will reserve the right to order at any final hearing in this matter reasonable costs

of investigation, attorney fees and costs, and the costs associated with securing compliance with this Order.

8.      That any finding of fact which can be deemed a conclusion of law is incorporated herein as such.

Based upon the above findings of fact, the Court hereby enters the following:

## CONCLUSIONS OF LAW

1.      Defendant Nash Sonibare, individually and doing business as Liberty Financial Group, Inc., continues to be in constructive contempt of court to the extent that on March 8-15, 2006, the Defendant failed to post or keep posted a notice promptly displayed on his office door window, as ordered by the Court on March 7, 2006, that a temporary restraining order had been issued preventing him from preparing federal tax returns.

2.      The Court finds that the Defendant at all times has had the ability to comply with this provision of the Court's prior Order and failed to do so.

3.      That consistent with the findings of fact above, the Court finds that by utilizing Alpha LLC, regardless of the relationship between Alpha LLC and the Defendant, for reasons stated off the bench on March 24, 2006, and in the above findings of fact, that the Defendant violated the Court's Order of March 7, 2006, by having Anthony Oyedeji prepare federal tax returns.  To that extent, the Court finds that the Defendant is in constructive civil contempt of this Court as well.

4.      That in order to secure compliance with the Court's Orders of March 7 and March 15, 2006, it will remain necessary for the Defendant's place of business, known as

Liberty Financial Group, Inc., 1821 University Avenue, Suite N942, St. Paul, Minnesota, to

remain closed.

5.      That any finding of fact which may be deemed a conclusion of law is

incorporated herein as such.

Based upon the above findings of fact and conclusions of law, the Court hereby

enters the following:

**ORDER**

1.      Except to the extent modified herein, the Court's prior orders of March 15,

2006, and March 23, 2006, remain in full force and effect.

2.      Specifically, the Defendant's business, Liberty Financial Group, Inc., 1821

University Avenue, Suite N942, St. Paul, Minnesota, shall remain closed.

3.      Whether at the Griggs Midway location or elsewhere, the Defendant shall not

make referrals to anyone for the purpose of doing tax returns or in any way participate in,

directly or indirectly, any tax return business pending further order of this Court, be it

Alpha, LLC, or any other business or any other individual or entity.

4.      On a schedule to be worked out with the Court, the Defendant, the

Government, and the U.S. Marshal's Service, the Defendant shall have access to his place of

business, Liberty Financial Group, Inc., 1821 University Avenue, Suite N942, St. Paul,

Minnesota, on March 27, 2006, from approximately 1:00 p.m. to 5:00 p.m. for the limited

purpose of removing his property, including files and records.

5.      Consistent with the Court's Order of March 23, 2006, the Defendant shall

contact all of his clients and former clients for the limited purpose of returning documents

to all clients who have tax returns pending.  An IRS agent and/or a representative of the U.S.

Marshal's Service shall be present from 9:00 a.m. to 5:00 p.m. on March 31, 2006, for the

limited purpose of returning documents to clients and former clients.  For that purpose, the

Defendant shall immediately notify any client or individual who has tax preparation

documents at his business or has any pending tax preparation issues and tax return issues

with the Defendant so that they might retrieve and obtain any documents and other

paperwork that they have at the Defendant's office on March 31, 2006.

**Criminal Contempt Trial**

6.      The Court reserves the right to set a criminal contempt trial.  It will be a trial

before the Court with the maximum term of imprisonment, not to exceed 6-months and/or

up to a $10,000 fine.  In the event the trial goes forward, the Government shall have the

burden to prove by proof beyond a reasonable doubt that the Defendant is in criminal

contempt of this Court.  The Court incorporates into this paragraph its remarks off the

bench on March 24, 2006.

**Civil Trial on Underlying Issues Before the Court**

7.      Consistent with the Court's remarks off the bench on March 24, 2006, the

Court respectfully directs the parties to consult with one another for a time schedule to

proceed to trial, apart from any criminal contempt issues, that schedule to include any

unresolved discovery issues and a reasonable time frame to allow for trial preparation and

setting a trial date.  The Court directs that the parties, by telephone or by letter, contact the

Court's chambers with respect to a schedule.  In the event the parties cannot agree on a

schedule, be it for a criminal contempt trial, civil hearing, or combining the hearings, the

Court will set up an on-the-record telephone conference to establish the schedule.

**Service**

       8.     The Court directs that a copy of this Order be provided to the United States

Marshal's Service as well as be provided to counsel for the Plaintiff and counsel for the

Defendant.

Dated:  March  27, 2006            s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      Judge of United States District Court